UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STANLEY REED | CIVIL ACTION NO. 18-0722 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| S W MCCAIN | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Pro se Petitioner Stanley Reed, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 31, 2018. Petitioner attacks his convictions for attempted murder, aggravated burglary, and aggravated assault, as well as the concurrent sentences, totaling twenty-eight (28) years of imprisonment, imposed by the Fourth Judicial District Court, Parish of Ouachita.[1] For the following reasons, it is recommended that the Petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## Background

Petitioner was found guilty of attempted murder, aggravated burglary, and aggravated assault on February 19, 2009. On August 4, 2009, he was sentenced to concurrent sentences totaling twenty-eight years of imprisonment. Petitioner appealed to the Second Circuit Court of Appeals, raising claims of (1) sufficiency of the evidence and (2) excessiveness of sentence. On May 26, 2010, his convictions and sentences were affirmed. *State of Louisiana v. Stanley Lee Reed*, 45,237 (La. App. 2 Cir. 5/26/2010). Petitioner did not seek further direct

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

review before the Louisiana Supreme Court.

On September 10, 2012, Petitioner filed an application for post-conviction relief in the Fourth Judicial District Court, arguing claims of double jeopardy, erroneous information in the pre-sentence report, and ineffective assistance of counsel. The application was denied on an unspecified date. His writ application was thereafter denied by the Second Circuit Court of Appeal on December 20, 2012, and by the Louisiana Supreme Court on May 24, 2013.

Petitioner filed a petition for writ of habeas corpus in this Court on June 6, 2013. *Stanley Reed v. Warden Winn Correctional Center*, No. 3:13-cv-01505 (W.D. La. 2013). On September 12, 2013, the Court dismissed Petitioner's previous petition with prejudice as time-barred under 28 U.S.C. § 2244(d). *Id.* at Doc. No. 7. Thereafter, on February 10, 2014, the United States Court of Appeals for the Fifth Circuit denied Petitioner's motion for a certificate of appealability. *Id*. at Doc. No. 12. On March 11, 2014, this Court denied Petitioner's "Request for Relief from Judgment." *Id.* at Doc. No. 14. On September 10, 2014, the United States Court of Appeals for the Fifth Circuit denied Petitioner's second motion for a certificate of appealability. *Id.* at Doc. No. 20.

On November 3, 2016, Petitioner filed an application for post-conviction relief before the Fourth Judicial District Court, Parish of Ouachita, raising the following claims: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) the trial court imposed a sentence founded on unsubstantiated allegations in a pre-sentence investigation report. [doc. # 1-3]. On December 7, 2016, the Fourth Judicial District Court denied the application as untimely. *Id.* at p. 1-2. The Louisiana Supreme Court denied Petitioner's application for writs on April 27, 2018. [doc. # 1-2, p. 2].

## Law and Analysis

Petitioner raises three related assignments of error in the instant Petition: (1) he was constructively denied assistance of counsel; (2) the prosecution, police, Department of Public Safety and Corrections Probation and Parole Division, and his appointed counsel all colluded "to produce a wrongful conviction of [Petitioner,] Stanley LeRoy Reed[,] under the name and identity of Stanley Lee Reed."; and (3) the prosecution denied him the right to review "a complete record of all the evidence upon which the judgment of conviction and imprisonment is based . . . ." [doc. # 1, p. 12]. All of his assignments of error center around what Petitioner deems new evidence: a copy of an "Intelius" search results webpage listing three individuals with the name, "Stanley L. Reed." Petitioner's central claim is that the prosecution knowingly convicted the wrong Stanley L. Reed. [doc. # 1-3, pp. 19-24].

Petitioner, however, filed a petition for writ of habeas corpus once before in this Court on June 6, 2013, attacking the same convictions and sentences that he attacks here. *Stanley Reed v. Warden Winn Correctional Center*, No. 3:13-cv-01505 (W.D. La. 2013). As noted, the Court dismissed Petitioner's previous petition with prejudice as time-barred under 28 U.S.C. § 2244(d). *Id.* at Doc. No. 7.

Although the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not define "second or successive," the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137

F.3d 234, 235 (5th Cir. 1998); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).[2] While a dismissal based on the statute of limitations does not include an examination of the merits of the substantive claims presented in a petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive. *In re: Flowers*, 595 F.3d 204, 205 (5th Cir. 2009).

Here, Petitioner could have raised his assignments of error in his previous petition. While Petitioner claims that he presents new evidence, he could have raised his central contention—that he was mistaken for another Stanley L. Reed—in his earlier petition because he was always aware of his name, his identity, and his alleged innocence.[3] The instant Petition is, therefore, successive.

Before a second or successive petition may be considered by this Court, Petitioner must obtain authorization to file it from the Fifth Circuit Court of Appeals in accordance with 28

---

[2] The bar on second or successive petitions applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *In re Lampton*, 667 F.3d 585 (5th Cir. 2012) (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). The phrase "second or successive" applies to an entire application, not to individual claims in an application. *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("AEDPA uses the phrase 'second or successive' to modify 'application.'"). "[A]n application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

[3] He concedes, for instance, that his trial counsel knew or should have known that he "was being prosecuted under a wrong or erroneous name and identity." [doc. # 1, p. 14]. He claims that he "informed" his counsel that "his name was 'Stanley LeRoy Reed' and not 'Stanley Lee Reed' . . . ." *Id.* at 13. He also maintains that the "State knew or reasonably should have known" that the true Stanley L. Reed had an extensive criminal history. *Id.* at 17.

U.S.C. § 2244(b)(3)(A).[4]  Because the record does not show that Petitioner has received such authorization, this Court lacks jurisdiction.  See *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[5]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See**

---

[4] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[5] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory.  See *In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred).  Dismissal, rather than transfer, is warranted here.

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Monroe, Louisiana, this 26th day of July, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE